IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ROBERT A. SEARS; KORLEY B. SEARS; and SEARS CATTLE CO.,**<br><br>             **Appellants,**<br><br>      vs.<br><br>**JOSEPH H. BADAMI, TRUSTEE; RHETT R. SEARS; RHET SEARS REVOCABLE TRUST; RONALD H. SEARS; RON H. SEARS TRUST; and DANE SEARS,**<br><br>             **Defendants.**<br>_____<br><br>**IN THE MATTER OF:**<br><br>**AFY, Inc.**<br><br>                         **Debtor** | **CASE NO. 4:14CV3163**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion to Dismiss Appeal (Filing No. 8) filed by Rhett R. Sears, Rhett R. Sears Revocable Trust, Ron H. Sears Trust, Ronald H. Sears, and Dane R. Sears (collectively, the "Sears Appellees"). The Trustee, Joseph H. Badami ("Trustee"), joins in the Motion to Dismiss. (Filing No. 10.) Also before the Court is the Motion to Extend Briefing Dates (Filing No. 9) filed by Robert A. Sears, Korley B. Sears, and Sears Cattle Co. (collectively, "Appellants"). For the reasons stated below, the Motion to Extend will be denied and the Motion to Dismiss will be granted.

## BACKGROUND

On August 4, 2014, Appellants filed a Notice of Appeal in the United States Bankruptcy Court for the District of Nebraska. (Filing No. 1.) The appeal was based on the Bankruptcy Court's denial of Appellants' administrative claim. (*Id.*) The appeal initially was submitted to the Eighth Circuit Bankruptcy Appellate Panel ("BAP"). At

some time before August 8, 2014, the BAP entered a briefing schedule, stating that the Appellants' brief in support of their appeal was due on or before September 18, 2014. (Filing No. 9.) On August 8, 2014, the Trustee elected to have the appeal heard by this Court pursuant to 28 U.S.C. § 158(c)(1)(B). (Filing No. 4.) On August 13, 2014, the Notice of Appeal, a copy of the judgment, and a copy of the bankruptcy record were docketed in this case. (Filing Nos. 1-5.) This Court did not enter a briefing schedule, nor do the Court's local rules prescribe time limits for briefing in bankruptcy appeals. As of the date of this Memorandum and Order, Appellants have not filed a brief.

## DISCUSSION

The Sears Appellees argue that because Appellants did not file a brief, nor any request for an extension of time to file a brief, within the time prescribed by Federal Rule of Bankruptcy Procedure 8009(a), the appeal should be dismissed. Rule 8009(a) states: "Unless the district court or the bankruptcy appellate panel[1] by local rule or by order excuses the filing of briefs or specifies different time limits . . . [t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." The appeal was docketed with this Court pursuant to Rule 8007 on August 13, 2014. (Filing Nos. 1-5.) Thus, by rule, Appellants' brief was due on or before August 27, 2014. Appellants did not file a brief, and did not file a request for extension of time until September 16, 2014 (Filing No. 9).

---

[1] This Court concludes that the reference to the bankruptcy appellate panel in Rule 8009(a) applies only when that panel retains jurisdiction over the appeal.

### *Excusable Neglect*

The Court first must determine whether Appellants should be given leave to file a brief out of time. Where a debtor seeks to perform a required act after the expiration of the statutory period, courts may only "permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). For purposes of Rule 9006(b)(1), "the determination regarding whether failure to comply with a deadline is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *In re Goodwin*, 437 B.R. 844, 848 (B.A.P. 8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The factors considered 'include . . . the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Gibbons v. U.S.*, 317 F.3d 852, 854 (8th Cir. 2003)); *see also*, *Pioneer,* 507 U.S. at 395. Appellants bear the burden of establishing excusable neglect. *In re Goodwin*, 437 B.R. at 848.  Considering these factors, the Court concludes that Appellants have not demonstrated that their failure to comply with the briefing deadline was the result of excusable neglect.

With respect to the first factor, danger of prejudice to the Sears Appellees and the Trustee, the docket reveals that the bankruptcy proceedings in this case have been pending for over four years. Appellants have filed numerous appeals.  In an already prolonged case, further delay likely would prejudice the Appellees.

With respect to the second factor, the only reason given by the Appellants for their delay was a two-week cruise that diverted the attention of Appellants' counsel.

Appellants have provided no explanation as to why their brief could not have been prepared in a timely manner, nor why an additional thirty days would be necessary to complete the brief.

With respect to the third factor of "good faith," Appellants suggest that the BAP's scheduling order contributed to their delay in the filing of a request for extension of time to submit their brief. (Filing No. 11 at 3-4.) That position is inconsistent with Appellants' earlier statement in their Motion to Extend: "The force and effect of [the BAP scheduling order] in this court is unknown but believed to be of no effect once BAP was not to hear this Appeal." (Filing No. 9.) This Court agrees that the BAP scheduling order had no force and effect once the Trustee elected to have the appeal heard by this Court pursuant to 28 U.S.C. § 158(c)(1)(B). The Court also notes that Appellants filed their Motion to Extend more than three weeks after the Rule 8009(a) deadline for filing their brief. Appellants did not file a proposed brief with their Motion to Extend, but requested an additional thirty days to prepare a brief. Courts have held that failure to apply for an extension of time before a deadline has expired is evidence of lack of good faith and, absent extraordinary circumstances, is neglect which should not be excused. *See, e.g., Escobar-Ramos v. I.N.S.*, 927 F.2d 482, 485 (9th Cir. 1991) (citing Fed. R. App. P. 31).

Having considered the factors expressed in *Goodwin* and *Pioneer*, the Court concludes that Appellants have not met their burden of demonstrating excusable neglect for failing to file a brief within the time permitted. Accordingly, Appellants' Motion to Extend will be denied.

*Grounds for Dismissal*

Federal Rule of Bankruptcy Procedure 8001(a) provides: "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Rule 8001(a) does not provide a standard[2] for determining when dismissal is appropriate, and such determination is left to the district court's discretion. *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005). In the context of the Federal Rules of Appellate Procedure, courts have stated that "[d]ismissal of the appeal may be in order in cases . . . in which conspicuous disregard is shown for case-processing rules." *Escobar-Ramos*, 927 F.2d at 485 (quoting *Gilroy v. Erie Lackawanna Railroad Co.*, 421 F.2d 1321, 1323 (2nd Cir. 1970)).

Courts have recognized that while dismissal "may punish the innocent client . . . time is of the essence in bankruptcy proceedings and this court should review the district court's action with attention to the prejudicial effect of delay on the appellees and the bona fides of the appellant." *Matter of Braniff Airways, Inc.*, 774 F.2d 1303, 1304 (5th Cir. 1985) (internal marks omitted). Appellants' Statement of Issues (Filing No. 5) contains twenty-six purported issues to be addressed. The Court cannot resolve the

---

[2] It is recognized that some courts have imposed specific procedural standards for dismissal under Rule 8001(a). *See, e.g., Resolution Trust Corp. v. SPR Corp.*, 45 F.3d 70, 74 (4th Cir.1995) (stating that prior to dismissing a bankruptcy appeal for a violation of Rule 8006, Rule 8001(a) requires that the district court (1) make a finding of bad faith or negligence; (2) give the appellant notice and opportunity to explain the delay; (3) consider any prejudicial effect to other parties; or (4) indicate that it considered the impact of sanctions and available alternatives). The Eighth Circuit has not expressly adopted these preconditions. Regardless, this Court has afforded the Appellants an opportunity to explain their delay; has considered the Appellants' failure to demonstrate excusable neglect as well as the likely prejudicial effect of delay on other parties; and has weighed and rejected the possibility of imposing sanctions or other alternatives in lieu of dismissal.

myriad of issues presented by the Appellants without proper briefing, and the Appellants have neglected to file their brief in a timely manner or to demonstrate excusable neglect for their failure to do so. Accordingly, the Court concludes that their appeal should be dismissed.

## CONCLUSION

Accordingly,

IT IS ORDERED:

1. The Motion to Extend Briefing Dates (Filing No. 9) filed by Robert A. Sears, Korley B. Sears, and Sears Cattle Co., is denied;

2. The Motion to Dismiss Appeal (Filing No. 8) filed by Rhett R. Sears, Rhett R. Sears Revocable Trust, Ron H. Sears Trust, Ronald H. Sears, and Dane R. Sears, is granted;

3. The appeal is dismissed; and

4. A separate judgment will be entered.

Dated this 30th day of September, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge